## T. MARSHALL BAXTER
### v.
## SAMUEL T. ALLEN.

*Commission Merchants—Board of Trade.*

A commission merchant upon the board of trade may not apply the gains of one patron in offsetting the losses of others.

[Opinion filed December 8, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.

Mr. D. M. KIRTON, for appellant.

Messrs. ABBOTT & BAKER, for appellee.

MR. JUSTICE GARY. The appellant, defendant below, was a grain commission merchant on the Chicago Board of Trade, and Hodgeman & Co. were grain brokers in Burlington, Iowa. They made arrangements with each other to divide (by a subterfuge to avoid a rule of the board) the commissions on all orders sent by Hodgeman & Co., and executed by Baxter.

Hodgeman & Co., in sending orders, communicated the names of the persons from whom they had taken such orders, and the deposits on margins to indemnify Baxter in executing such orders were sent to Hodgeman & Co., and

entered on the books of Baxter, to the credit of Hodgeman
& Co., as being deposits or margins of the persons from
whom the orders were taken.    Profits made were remitted
by Baxter (except in one instance not material) to Hodge-
man & Co.    The deals on the orders of Allen netted a
profit, those of others a loss, which has not been made good to
Baxter; and the question is whether Baxter may apply
Allen's profits to the losses of other customers or patrons
of Hodgeman & Co.    This question the Circuit Court
rightly decided in the negative.

As the evidence shows that Baxter had notice whose
orders transmitted by Hodgeman & Co. were being executed,
and whose money went into, or at least on what orders
were made, the deposits or margins, the principle which
governed the decision in Drovers Nat. Bank v. O'Hare, 119
Ill. 646, and followed here in Dumond's cases, 33 Ill. App.
95 and 102, applies.

The appellant asked the court to hold as a proposition of
law " that unless Hodgeman & Co. were  *  *  *  the
agents of  *  *  *  Baxter  *  *  *  the plaintiff can
not recover."    It makes no difference who was agent for
anybody, as to Baxter's right to apply money which he had
notice was Allen's, to losses on account of others.

The judgment is affirmed.

*Judgment affirmed.*